**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG**

**MANUEL PEREZ-COLON,**

                    Petitioner,

**v.**

**TERRY O'BRIEN,**

                    Respondent.

**Civil Action No.: 1:14-CV-119
(KEELEY)**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On July 9, 2014, Petitioner Manuel Perez-Colon[1] ("Petitioner" or "Defendant"),

acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No.

1] (the "Petition"). On March 7, 2016, the Court entered an Order to Show Cause [ECF

No. 7] why the Petition should not be granted. On March 25, 2016, Respondent filed a

response to the Petition by filing a Motion to Dismiss the Petition or, in the Alternative, a

Motion for Summary Judgment [ECF No. 9]. On March 28, 2016, the Court entered a

Roseboro Notice [ECF No. 11], informing Petitioner of his right and obligation to

respond to the Government's Motion. On April 18, 2016, Petitioner filed his Response

[ECF No. 13]. The matter is now before the undersigned United States Magistrate

Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. §

636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned

recommends that the Petition be denied.

---

[1] Petitioner is a federal inmate housed at the federal penitentiary in Hazelton, West
Virginia.

## II.    BACKGROUND[2]

### A.    Conviction and Sentence

In 1997, Petitioner and seventy-eight co-defendants were indicted for their involvement in "a sprawling drug smuggling and distribution network in southwest Puerto Rico between [the years of] 1994 and 1997." United States v. Martinez-Medina, 279 F.3d 105, 111 (1st Cir. 2002). Specifically, Petitioner was indicted in Count One for conspiring to possess and distribute "multi-kilogram amounts of cocaine, heroin, and marijuana," in violation of 21 U.S.C. §§ 841(a)(1) and 846, and in Count Two for conspiring to engage in illegal financial transactions involving the drug proceedings, in violation of 18 U.S.C. §§ 1956(a)(1) and 1957.[3] Id.

From October through December of 1998, Judge Salvador E. Casellas held a jury trial for Petitioner and six of his co-defendants who did not enter into plea agreements. Id. On December 18, 1998, the jury returned a verdict of guilty against Petitioner on both Counts One and Two. ECF No. 1757. On July 2, 1999, Judge Casellas sentenced Petitioner to life imprisonment for Count One and twenty years' imprisonment for Count Two, to be served concurrently. ECF No. 2300. Petitioner filed several post-trial motions, including a motion for a new trial, which were all denied. See ECF Nos. 1876, 2204, 2746, 2900, 3527, 3567.

On July 14, 1999, Petitioner filed a Notice of Appeal with the United States Court of Appeals for the First Circuit. ECF No. 2324. In his appeal, Petitioner argued that: (1) the evidence was insufficient to support his conviction; (2) certain pieces of evidence

---

[2] Throughout this section, all ECF numbers refer to entries in the docket of Criminal Action No. 3:97-CR-82, District of Puerto Rico, unless stated otherwise.

[3] Petitioner's charge under 18 U.S.C. § 1957, but not § 9156(a)(1), was later dropped. Martinez-Medina, 279 F.3d at 111.

were erroneously introduced at trial; (3) the prosecutor engaged in misconduct during closing arguments that tainted the trial; (4) a "buyer-seller" jury instruction[4] should have issued during the trial; (5) his sentence was improper because, *inter alia*, it violated his rights under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and (6) a new trial is warranted due to newly discovered evidence. <u>Martinez-Medina</u>, 279 F.3d at 113-27. On February 8, 2002, the First Circuit affirmed Petitioner's conviction and sentence. <u>Id.</u> at 105. On March 19, 2002, the First Circuit's mandate was issued. ECF No. 3053. On May 5, 2002, Petitioner requested *certiorari* petition from the United States Supreme Court, which was denied. ECF No. 3096.

On July 24, 2003, Petitioner filed a section 2255 motion. ECF No. 3164. In his section 2255 motion, Petitioner raised six grounds for relief based on allegations of ineffective assistance of counsel. <u>Id.</u> However, Judge Casellas denied all of Petitioner's grounds for relief and dismissed the section 2255 petition.[5] Subsequently, Petitioner requested permission from the First Circuit Court of Appeals to file a second or successive section 2255 motion, contending that his sentence is unconstitutional in light of <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013). ECF No. 3506. On July 1, 2014, the First Circuit denied Petitioner's request, stating that "<u>Alleyne</u> has not been made retroactive by the Supreme Court to cases on collateral review." <u>Id.</u> Petitioner again asked for permission to file a second or successive section 2255 motion in 2016, contending that his sentence is unconstitutional in light of <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) and <u>Burrage v. United States</u>, 134 S. Ct. 881 (2014). ECF No. 3583.

---

[4] A "buyer-seller" instruction "would have informed the jury that a buyer and seller in a single drug transaction are not invariably part of a drug conspiracy." <u>Martinez-Medina</u>, 279 F.3d at 120.

[5] <u>See</u> ECF Nos. 22 & 23, Civil Action No. 3:03-CV-1691, District of Puerto Rico

However, the First Circuit again denied Petitioner's request, stating that Petitioner's "identified constitutional rule[s] do[ ] not apply to [his] situation." Id.

### III. DISCUSSION

#### A. The Petition

In the Petition, Petitioner asserts only one ground for relief. ECF No. 1 at 5-6. Specifically, Petitioner contends that he "is actually innocent of the first-degree murder." Id. at 5, 8. Petitioner further contends that, because he is actually innocent, the 2A1.1 cross-reference enhancement was improperly applied to his sentence. Id.

#### B. Legal Standards

##### 1. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts have long cited the "rule that a complaint should not be dismissed for failure to

state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)).

In doing so, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

## C.      Analysis of the Petition

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their

convictions or their sentences are required to proceed under section 2255 in the district

court of conviction. A petition for writ of habeas corpus pursuant to section 2241, on the

other hand, is intended to address the **execution** of a sentence, rather than its validity,

and is to be filed in the district where the prisoner is incarcerated. Examples of an

appropriate use of section 2241 include "actions challenging the computation of parole,

computation of good time or jail credits, prison disciplinary actions, or imprisonment

allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL

15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of section 2255 expressly prohibit prisoners from challenging

their convictions and sentences through a habeas corpus petition under section 2241,

there is nonetheless a "savings clause" in section 2255, which allows a prisoner to

challenge the validity of his conviction under section 2241 **if** he can demonstrate that

section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C.

§ 2255. The law is clearly developed, however, that a section 2255 remedy is not

inadequate or ineffective merely because relief is no longer available under section

2255 due to the following: (1) a limitation bar,[6] (2) the prohibition against successive

---

[6] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

a. The date on which the judgment of conviction becomes final;
b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

petitions or (3) a procedural bar, such as the failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective. This standard is extremely stringent. In the Fourth Circuit, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction **only** when all three of the following conditions are satisfied:

> (1) at the time of the conviction, [the] settled law of this [C]ircuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

The undersigned finds that Petitioner improperly filed the Petition under section 2241 instead of section 2255. Petitioner argues that, because he is actually innocent of first-degree murder, the 2A1.1 cross-reference enhancement was erroneously applied to his sentence. ECF No. 1 at 5, 8. Thus, because Petitioner is challenging the validity of his sentence and not the execution of his sentence, section 2255 is the appropriate mechanism for the relief requested.

Moreover, Petitioner has not shown that the savings clause of section 2255 applies to his case. Petitioner cannot satisfy the three Jones requirements that show that a section 2255 remedy would be inadequate or ineffective.[7]

---

28 U.S.C. § 2255.
[7] Petitioner's ground for relief relies on Burrage v. United States, 134 S.Ct. 881 (2014).

Assuming that Petitioner is able to satisfy the first and the third requirements, Petitioner cannot meet the second requirement. Clearly the crimes for which Petitioner was convicted, which include conspiring to possess and distribute multi-kilogram amounts of cocaine, heroin and marijuana and conspiring to engage in illegal financial transactions involving the drug proceedings, remain criminal offenses. Therefore, Petitioner has improperly filed the Petition under section 2241 instead of section 2255.

## IV.    RECOMMENDATION

For the foregoing reasons, it is hereby **RECOMMENDED** that the Respondent's Motion to Dismiss [ECF No. 9] be GRANTED, and the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED and DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

---

ECF No. 13 at 2. However, Petitioner already requested permission from the United States Court of Appeals for the First Circuit to file a second or successive section 2255 motion based on Burrage, which was denied. Petitioner may not now file the same claim under section 2241 simply because he was denied permission to file an additional section 2255 motion.

The Clerk is directed to provide a copy of this Report and Recommendation to the parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: July 22, 2016.

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE