IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MANUEL PEREZ-COLON,

        Petitioner,

v.                          CIVIL ACTION NO. 1:14CV119
                                       (Judge Keeley)

TERRY O'BRIEN,

        Respondent.

MEMORANDUM OPINION AND ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 14],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 9], AND
DISMISSING WITH PREJUDICE THE PETITION FOR A WRIT OF HABEAS
CORPUS PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]

Pending before the Court is the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") filed by the petitioner, Manuel Perez-Colon ("Perez"), on July 9, 2014, in which he challenges the validity of his sentence under Burrage v. United States, 134 S. Ct. 881 (2014), (Dkt. No. 1). Pursuant to Local Rule of Civil Procedure 72.01, the Petition was referred to the Honorable Robert W. Trumble, United States Magistrate Judge, for initial review.

The respondent moved to dismiss the Petition on March 25, 2016 (Dkt. No. 9). Perez responded to the motion on April 18, 2016 (Dkt. No. 13). On July 22, 2016, Magistrate Judge Trumble filed his Report and Recommendation ("R&R"), in which he recommended that the Petition be denied and dismissed with prejudice (Dkt. No. 14). After receiving an extension to object, Perez filed timely objections to the R&R on August 11, 2016 (Dkt. Nos. 16; 17; 18).

**MEMORANDUM OPINION AND ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 14],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 9], AND
DISMISSING WITH PREJUDICE THE PETITION FOR A WRIT OF HABEAS
CORPUS PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

For the reasons that follow, the Court **OVERRULES** Perez's objections, **ADOPTS** the R&R, **GRANTS** the respondent's motion to dismiss, **DENIES** the Petition and **DISMISSES** it with prejudice.

## I. BACKGROUND

### A.    Conviction, Sentencing, and Direct Appeal

Perez and 78 co-defendants were indicted for their roles in "a sprawling drug smuggling and distribution network in southwest Puerto Rico between 1994 and 1997." United States v. Martinez-Medina, 279 F.3d 105, 111 (1st Cir. 2002). The indictment charged Perez with conspiracy to possess and distribute multi-kilogram amounts of cocaine, heroin, and marijuana in violation 21 U.S.C. §§ 841(a)(1) and 846, as well as money laundering in violation of 18 U.S.C. §§ 1956(a)(1) and 1957. The charge under 18 U.S.C. § 1957, but not the one under § 1956(a)(1), was later dropped. Id. Following a jury trial, Perez was convicted and received a sentence of life imprisonment on the drug conspiracy count, and 20 years of imprisonment on the money laundering count (Dkt. Nos. 1757; 2300).[1]

---

[1] Unless otherwise noted, citations to docket entries in this section refer to Criminal Action No. 3:97-cr-82-SEC-2 in the District of Puerto Rico.

**MEMORANDUM OPINION AND ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 14],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 9], AND
DISMISSING WITH PREJUDICE THE PETITION FOR A WRIT OF HABEAS
CORPUS PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

At the sentencing hearing, the district court determined that more than 150 kilograms of cocaine were fairly attributable to Perez, thus triggering a statutory maximum sentence of life imprisonment and setting his base offense level at a Level 38 under the Sentencing Guidelines. Martinez-Medina, 279 F.3d at 121.[2] Application of both a firearm and role enhancement increased Perez's offense level to a Level 44, with a guideline sentence of life imprisonment. Alternatively, the district court concluded that, because Perez had ordered an individual's murder, U.S.S.G. § 2D1.1(d)(1) applied, which cross-referenced § 2A1.1. This increased his offense level to a Level 43 because "a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111"; this again exposed him to a guideline sentence of life imprisonment. Id.

---

[2] At the time, it was settled practice for the district court to determine the quantity of drugs involved in the offense. United States v. Lindia, 82 F.3d 1154, 1160-61 (1st Cir. 1996), abrogated in part by Apprendi v. New Jersey, 530 U.S. 466 (2000); see also United States v. Caba, 241 F.3d 98 (1st Cir. 2001) ("Apprendi simply does not apply to guideline findings (including, inter alia, drug weight calculations) that increase the defendant's sentence, but do not elevate the sentence beyond the lowest applicable statutory maximum.").

**MEMORANDUM OPINION AND ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 14],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 9], AND
DISMISSING WITH PREJUDICE THE PETITION FOR A WRIT OF HABEAS
CORPUS PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

Following his sentencing, Perez appealed to the United States
Court of Appeals for the First Circuit on July 14, 1999 (Dkt. No.
2324). Among other things, Perez argued that his sentence was
improper because it violated his due process and Sixth Amendment
rights under Apprendi v. New Jersey, 530 U.S. 466 (2000). See
Martinez-Medina, 279 F.3d at 121. Although Apprendi had been
decided after Perez was sentenced, the First Circuit applied it to
his case on direct appeal. In doing so, however, it found that any
Apprendi error was harmless because the evidence in Perez's case
overwhelmingly established at least the minimum drug quantity of
five kilograms required to increase the statutory maximum sentence
in his case to life imprisonment.[3] Id. at 121-22.

The First Circuit also rejected Perez's argument that the
application of U.S.S.G. § 2D1.1(d)(1) was improper under Apprendi,
which does not apply to findings made under the sentencing
guidelines. Id. After the First Circuit affirmed his sentence,
Perez petitioned for a writ of certiorari (Dkt. No. 3096), which

---

[3] Indeed, Perez conceded on appeal that he had been
responsible for more than 50 kilograms of cocaine. Martinez-Medina,
279 F.3d at 122.

4

**MEMORANDUM OPINION AND ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 14],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 9], AND
DISMISSING WITH PREJUDICE THE PETITION FOR A WRIT OF HABEAS
CORPUS PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

the Supreme Court of the United States denied on June 17, 2002.

Perez-Colon v. United States, 536 U.S. 932 (2002).

**B.    Collateral Proceedings**

On July 24, 2003, Perez filed a petition seeking a writ of
habeas corpus pursuant to 28 U.S.C. § 2255 in the District of
Puerto Rico. In it, he sought to vacate his sentence on six
grounds, all tied to a claim of ineffective assistance of counsel
(Dkt. No. 3164). The district court denied the relief sought on all
grounds and dismissed the petition on June 17, 2004.[4]

On May 27, 2014, Perez sought permission from the First
Circuit to file a second or successive petition pursuant to § 2255
based on the Supreme Court's decision in Alleyne v. United States,
133 S. Ct. 2151 (2013). The First Circuit denied that request on
July 1, 2014, because Alleyne has not been made retroactive to
cases on collateral review. Moreover, the court observed that
Alleyne is applicable to statutory minimum sentences, an issue not
relevant to Perez's case. Appeal No. 14-1569, Dkt. No. 00116707893.
Shortly thereafter, on July 7, 2014, Perez sought permission to

---

[4] The district court's order can be found at Docket Numbers 22
and 23, Civil Action No. 3:03-cv-1691, District of Puerto Rico.

**MEMORANDUM OPINION AND ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 14],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 9], AND
DISMISSING WITH PREJUDICE THE PETITION FOR A WRIT OF HABEAS
CORPUS PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

file three additional second or successive § 2255 petitions, all of which the First Circuit dismissed on October 14, 2014, without prejudice because they were styled as petitions under § 2241, and had been filed in the Northern District of West Virginia. Appeal No. 14-1752, Dkt. No. 00116751865.

The instant petition, submitted on July 9, 2014, is the third of those § 2241 cases filed by Perez in this District.[5] In it, Perez raises only one ground, that he is "actually innocent of the 2A1.1 cross-reference enhancement to first degree murder" (Dkt. No. 1 at 5). More specifically, he alleges that his Fifth and Sixth Amendment rights were violated when the district court "found by a preponderance of evidence that Petitioner was guilty of First Degree Murder and sentenced Petitioner to life." Id. Perez argues that "[n]ew subsequent substantial intervening changes" in the law

---

[5] The first petition, filed on June 24, 2014, claimed that Perez is "actually innocent" of the money laundering offense. Civil Action No. 3:14-cv-66. The second petition, filed on July 7, 2014, argued, in essence, that the drug quantity for which he was sentenced should have been charged in the indictment or found by the jury. Civil Action No. 5:14-cv-90. This second petition was dismissed on September 14, 2016, because Perez failed to show that § 2255 was an inadequate or ineffective remedy for challenging the validity of his sentence. Id.

**MEMORANDUM OPINION AND ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 14],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 9], AND
DISMISSING WITH PREJUDICE THE PETITION FOR A WRIT OF HABEAS
CORPUS PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

make him innocent of that enhancement because first-degree murder was not charged in the indictment or found by the jury. Id.

Perez's claim rests on the change of law in Burrage, 134 S. Ct. 881, in which the Supreme Court held that when a defendant distributes a controlled substance, and the government seeks an enhanced penalty because a "death . . . results from the use of such substance," the government must prove that the substance was the but-for cause of the death and not merely a contributing factor. Id. at 885, 892. The Supreme Court noted that "the 'death results' enhancement . . . is an element that must be submitted to the jury and found beyond a reasonable doubt" because it increases the minimum and maximum sentences to which a defendant is exposed. Id. at 887 (citing Alleyne, 133 S. Ct. 2151; Apprendi, 530 U.S. 466).

According to Perez, Burrage is a "new statutory interpretation" that makes him "actually innocent" of the § 2A1.1 sentencing enhancement because the enhancement was not submitted to the jury (Dkt. No. 13 at 2-3). Perez argues that this guideline error constitutes a "grave miscarriage of justice" under Whiteside v. United States, 748 F.3d 541 (4th Cir.), vacated en banc, 775

**MEMORANDUM OPINION AND ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 14],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 9], AND
DISMISSING WITH PREJUDICE THE PETITION FOR A WRIT OF HABEAS
CORPUS PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

F.3d 180 (4th Cir. 2014), that is cognizable under § 2241 because
it cannot be brought under § 2255 (Dkt. No. 1-1 at 3). He also
argues that by applying the first-degree murder enhancement the
district court "trigger[ed] the actual statutory mandatory minimum,
which is 18 U.S.C. § 1111," thus impermissibly changing the
mandatory minimum without submission to a jury. Id. at 9-12.

**C.    Report and Recommendation**

The R&R concludes that Perez improperly filed this petition
under § 2241 rather than § 2255 because he is challenging "the
validity of his sentence and not the execution of his sentence"
(Dkt. No. 14 at 7). Moreover, Perez cannot meet the requirements of
§ 2255's savings clause as he cannot establish that § 2255 is an
inadequate or ineffective remedy because the crimes of which he
stands convicted remain criminal offenses. Id. at 7-8.

## II. LEGAL STANDARDS

**A.    Motion to Dismiss**

Fed. R. Civ. P. 12(b)(6) allows a defendant to move for
dismissal on the ground that a complaint does not "state a claim
upon which relief can be granted." When reviewing the sufficiency
of a complaint, a district court "must accept as true all of the

**MEMORANDUM OPINION AND ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 14],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 9], AND
DISMISSING WITH PREJUDICE THE PETITION FOR A WRIT OF HABEAS
CORPUS PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

factual allegations contained in the complaint." <u>Anderson v. Sara Lee Corp.</u>, 508 F.3d 181, 188 (4th Cir. 2007) (quoting <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)). "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal citation omitted).

A court is "not bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). In order to be sufficient, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" <u>Anderson</u>, 508 F.3d at 188 n.7 (quoting <u>Twombly</u>, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992).

**MEMORANDUM OPINION AND ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 14],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 9], AND
DISMISSING WITH PREJUDICE THE PETITION FOR A WRIT OF HABEAS
CORPUS PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

## B.   Magistrate Judge's R&R

When reviewing a magistrate judge's R&R made pursuant to 28
U.S.C. § 636, the Court must review <u>de novo</u> only the portion of the
R&R to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C).
On the other hand, "the Court may adopt, without explanation, any
of the magistrate judge's recommendations to which the prisoner
does not object." <u>Dellacirprete v. Gutierrez</u>, 479 F. Supp. 2d 600,
603-04 (N.D.W. Va. 2007) (citing <u>Camby v. Davis</u>, 718 F.2d 198, 199
(4th Cir. 1983)). Courts will uphold those portions of a
recommendation as to which no objection has been made unless they
are "clearly erroneous." <u>See</u> <u>Diamond v. Colonial Life & Accident
Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005).

## C.   <u>Pro Se</u> Pleadings

The Court must liberally construe <u>pro se</u> pleadings. <u>Estelle v.
Gamble</u>, 429 U.S. 97, 106 (1976); <u>Loe v. Armistead</u>, 582 F.2d 1291,
1295 (4th Cir. 1978). A <u>pro se</u> complaint is subject to dismissal,
however, if the Court cannot reasonably read the pleadings to state
a valid claim on which the plaintiff could prevail. <u>Barnett v.
Hargett</u>, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not
construct the plaintiff's legal arguments for him, nor should it

**MEMORANDUM OPINION AND ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 14],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 9], AND
DISMISSING WITH PREJUDICE THE PETITION FOR A WRIT OF HABEAS
CORPUS PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

"conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. APPLICABLE LAW

Congress has provided prisoners with several mechanisms by which to challenge the legality of a conviction or sentence. It is well established that challenges to conviction and sentence validity are properly brought pursuant to 28 U.S.C. § 2255. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty"

11

**MEMORANDUM OPINION AND ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 14],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 9], AND
DISMISSING WITH PREJUDICE THE PETITION FOR A WRIT OF HABEAS
CORPUS PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

or that a previously unavailable "new rule of constitutional law" has been "made retroactive to cases on collateral review by the Supreme Court." Id.

In limited circumstances, when § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. In re Vial, 115 F.3d at 1194 n.5; In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. Id.

In the Fourth Circuit, a petitioner asserting "actual innocence" may establish "that § 2255 is inadequate or ineffective to test the legality of a conviction" if he can prove:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

**MEMORANDUM OPINION AND ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 14],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 9], AND
DISMISSING WITH PREJUDICE THE PETITION FOR A WRIT OF HABEAS
CORPUS PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

<u>Id.</u> at 333-34.[6] <u>Jones</u> requires that, in order to use § 2241 to challenge detention, a federal prisoner must have "had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law." <u>Rice</u>, 617 F.3d at 807.

## IV. LEGAL ANALYSIS

Because Perez's lengthy objections focus on the R&R's conclusion that he cannot obtain the relief he seeks under 28 U.S.C. § 2241, the Court's review is <u>de novo</u>. <u>See</u> 28 U.S.C. § 636(b)(1)(C). In order to bring a collateral attack pursuant to § 2241, Perez must establish that § 2255 is an inadequate or ineffective means by which to attack the validity of his sentence. 28 U.S.C. § 2255(e). As he has argued in past filings, Perez seeks to establish that, under <u>Burrage</u>, the sentencing enhancement applied under § 2A1.1 should have been charged in his indictment and submitted to the jury, rather than found by the district court. The Court must therefore determine whether Perez meets the requirements of the savings clause, and whether <u>Burrage</u> entitles him to the relief that he seeks.

-----

[6] This rule of law announced by the Fourth Circuit is far from dicta, as argued by Perez (Dkt. No. 13 at 2).

**MEMORANDUM OPINION AND ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 14],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 9], AND
DISMISSING WITH PREJUDICE THE PETITION FOR A WRIT OF HABEAS
CORPUS PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

## A.  Access to 28 U.S.C. § 2241

Perez has not established that § 2255 is an inadequate or ineffective remedy. See 28 U.S.C. § 2255(e). In the Fourth Circuit, a petitioner asserting "actual innocence" pursuant to § 2241 must establish, among other things, that "subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." Jones, 226 F.3d at 334. Even assuming that Perez could meet the other requirements articulated in Jones, he cannot establish, nor has he argued, that the substantive law has changed such that his conduct would not presently subject him to the same conviction for money laundering and conspiracy to distribute controlled substances. Id. Therefore, Perez has not met the requirements established in Jones.[7]

-----

[7] In response to the conclusion that he cannot access § 2241 because he does not meet the Jones test, Perez argues that Jones had no occasion to consider the issue of sentences, as it dealt with an erroneous conviction. Perez contends that the circumstances of his sentencing warrant review under § 2241 because the district court committed fundamental error by imposing an erroneous mandatory minimum sentence (Dkt. No. 18 at 5-6).

Perez misapprehends the circumstances under which he was sentenced. The district court did not use § 2A1.1 to increase the mandatory minimum or the statutory maximum sentence. Rather, after

**MEMORANDUM OPINION AND ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 14],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 9], AND
DISMISSING WITH PREJUDICE THE PETITION FOR A WRIT OF HABEAS
CORPUS PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

Nor can Perez challenge his sentence based on a "grave miscarriage of justice" (Dkt. No. 1-1 at 12). In order to determine whether a non-constitutional error may be attacked on collateral review, courts look for "a fundamental defect which inherently results in a complete miscarriage of justice." Whiteside, 748 F.3d at 548, vacated en banc, 775 F.3d 180.[8] Here, Perez's claim is based on his alleged constitutional right to have certain facts submitted to a jury. Although he frames his petition as one founded on "actual innocence" of a sentencing enhancement, it is clear that Perez is seeking to remedy an alleged violation of his rights under the Fifth and Sixth Amendments because the facts necessary to support a sentencing enhancement under § 2A1.1 were found by the district court rather than by the jury (Dkt. Nos. 1 at 5; 1-1 at 9-

───────────────

finding that the quantity of drugs involved triggered the statutory maximum of life imprisonment, it cited the enhancement under § 2A1.1 as an alternative enhancement to those under §§ 2D1.1(b)(1) and 3B1.1, both of which subjected Perez to a guideline sentence of life imprisonment. See Martinez-Medina, 279 F.3d at 121. Therefore, the sentence Perez received does not constitute an "erroneous imposition of a mandatory minimum sentence" (Dkt. No. 18 at 7-10).

[8] Notably, at present, this test answers the question of general cognizability under § 2255, not necessarily § 2241. See United States v. Surratt, 797 F.3d 240, 250-51 (4th Cir. 2015), reh'g granted.

**MEMORANDUM OPINION AND ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 14],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 9], AND
DISMISSING WITH PREJUDICE THE PETITION FOR A WRIT OF HABEAS
CORPUS PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

10). Therefore, analyzing this case for "a grave miscarriage of justice" would be inappropriate.

## B.  Burrage v. United States

Perez bases his claim for relief on Burrage v. United States. Even assuming that he may attack his sentence under § 2241, Burrage is inapplicable to Perez's case. In the first place, Burrage simply stated the rule of law that "[b]ecause the 'death results' enhancement increased the minimum and maximum sentences to which Burrage was exposed, it is an element that must be submitted to the jury and found beyond a reasonable doubt." Burrage, 134 S.Ct. at 887. In fact, to the extent that statement applies here, it merely extends the holdings in Apprendi and Alleyne, thus making Burrage a constitutional ruling subject to redress under § 2255, were it to apply retroactively.[9]

---

[9] Perez acknowledges that his direct appeal was unsuccessful because the First Circuit rejected his Apprendi-based contentions (Dkt. No. 1-1 at 8). In addition, the First Circuit rejected his request to file a second or successive § 2255 petition on the basis of Alleyne. Appeal No. 14-1569, Dkt. No. 00116707893. Those decisions are not retroactive on collateral review, see United States v. Stewart, 540 Fed. App'x 171 (4th Cir. 2013); San-Miguel v. Dove, 291 F.3d 257 (4th Cir. 2002), and would not render assistance to Perez even if they did apply. The Fourth Circuit has held that § 2A1.1 is not affected by Apprendi if the offense of

**MEMORANDUM OPINION AND ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 14],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 9], AND
DISMISSING WITH PREJUDICE THE PETITION FOR A WRIT OF HABEAS
CORPUS PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

Second, <u>Burrage</u> considered a very different factual scenario from the one at issue here. There, the Supreme Court decided that, when the government seeks an enhanced mandatory minimum penalty under 21 U.S.C. § 841(b)(1)(C) because a "death resulted" from use of a controlled substance, it must prove that the drugs involved were the but-for cause of the death, not simply a contributing cause. <u>Burrage</u>, 134 S. Ct. at 892. That decision does not apply here, where the district court applied a sentencing enhancement, not a finding under § 841(b)(1)(C). Simply because the government bears an elevated burden of proof when submitting a charge to the jury pursuant to the "death results" clause of § 841(b)(1)(C) does not mandate that a sentencing factor such as § 2A1.1 need also be submitted to the jury. On the contrary, even in a post-<u>Apprendi</u> landscape, the cross-reference to § 2A1.1 is a sentencing factor to be applied by the district court so long as it does not increase

---

conviction subjects one to a statutory maximum of life imprisonment, <u>United States v. Richardson</u>, 51 Fed. App'x 90, 94 (4th Cir. 2002), and the enhancement may be applied even where murder is not charged or found by the jury. <u>See</u> <u>United States v. Carter</u>, 300 F.3d 415, 426-27 (4th Cir. 2002); <u>United States v. Crump</u>, 120 F.3d 462, 467-68 (4th Cir. 1997).

**MEMORANDUM OPINION AND ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 14],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 9], AND
DISMISSING WITH PREJUDICE THE PETITION FOR A WRIT OF HABEAS
CORPUS PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

the sentence beyond the statutory maximum for the offense of conviction. See Richardson, 51 Fed. App'x at 94.

Finally, if Burrage were relevant to the facts of this case, it is notable that it has not been applied retroactively on collateral review. See Atkins v. O'Brien, 148 F. Supp. 3d 547, 552 (N.D.W. Va. 2015) (collecting cases). Therefore, to the extent Perez urges the Court to apply Burrage retroactively, it declines to do so and concludes that Perez cannot state a claim for relief under Burrage.

### V. CONCLUSION

In conclusion, for the reasons discussed, the Court:

1.    **ADOPTS** the R&R (Dkt. No. 14);

2.    **OVERRULES** Perez's objections (Dkt. No. 18);

3.    **GRANTS** O'Brien's motion to dismiss (Dkt. No. 9);

4.    **DENIES** Perez's § 2241 Petition (Dkt. No. 1); and

5.    **ORDERS** that this case be **DISMISSED with prejudice** and

      **STRICKEN** from the docket of this Court.

It is so **ORDERED**.

18

**MEMORANDUM OPINION AND ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 14],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 9], AND
DISMISSING WITH PREJUDICE THE PETITION FOR A WRIT OF HABEAS
CORPUS PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

The Court **DIRECTS** the Clerk to enter a separate judgment order and to transmit copies of this Order to counsel of record and to the <u>pro se</u> petitioner by certified mail, return receipt requested. DATED: December 8, 2016.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE